There is an implication in the section of the statute, under which it is sought to charge the defendant, that the report which ought to be made within the first twenty days of January in each year, may be made afterwards, so as to prevent further liability from attaching. This is but just, if we *Page 266 
consider that the trustees in office during these twenty days are the only ones whom the statute considers delinquents. If they neglect this duty during the twenty days, they are chargeable with all the prior debts and all those contracted during these days; but their hands are not so tied up but that they may stop the incurring of further liability, by filing the report after the time when it ought to have been done. This does not, however, prove that trustees coming into office after the twenty days have elapsed, and who were not at all to be blamed for not having filed the report within the twenty days, become, by the mere act of accepting the office, liable for all the prior debts of the corporation and all which may be contracted before they have time to prepare the report. Such a construction would effe tually deter any one from taking that situation in a company which had become embarrassed, and whose trustees had failed to perform this duty at the proper time; and yet it might be quite desirable that such a company should have proper trustees to retrieve its affairs. I think those whose duty it is to make the report within the twenty days, and who have failed to perform that duty, are the ones whom the statute considers the delinquents, and who are permitted to avail themselves of the locus pœnitentiæ, so far as future liability is concerned. The sentence of the statute, that all the trustees shall be liable, is subject to some limitation; for it cannot possibly extend to those against whom no neglect is imputable, as, for instance, those who in this case were in office only up to the end of December. In affixing the limitation, care should be taken that an effect be not given to the provision which would work manifest injustice. Trustees coming in, say, on the first of March, as the defendant did, would necessarily be ignorant of the state of affairs of the company, and could not make a report without proper examination; but they would at the first moment after taking the office be liable, upon the plaintiff's construction, for all prior debts, and this would be palpably wrong. Then if they would not be liable for prior debts, they would not for those subsequently contracted, unless they should remain in office until the next annual period of making the report; for it is *Page 267 
those who are liable for the debts then existing who are made liable for those subsequently contracted. I am of opinion, therefore, that the judgment appealed from, which exonerates the defendant, is right, and that it should be affirmed.
DAVIES, J., concurred in this opinion; SELDEN, J., expressed no opinion.
Judgment affirmed.